Morgan Lewis

October 14, 2026

The Honorable Edgardo Ramos
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States of America ex rel. Verity Investigations, LLC v. NWN Corp. et al.*,
Case No. 1:26-cv-02676-ER – Defendants' Letter in Response to Relator's Pre-Motion Letter

Dear Judge Ramos:

Defendants in the above-referenced action jointly write in response to Relator's Pre-Motion Letter (ECF No. 45). While Defendants recognize they are not entitled to file a letter in response as of right, Defendants feel compelled to do so because Relator's letter went beyond addressing the merits of Defendants' letters outlining their motions to dismiss and unilaterally proposed a briefing and discovery schedule. Defendants respectfully request the Court consider this additional submission.

***First,*** Defendants oppose Relator's proposed briefing schedule. Defendants understand that pursuant to Section 2.A.ii of Your Honor's Local Rules, they will be required to file pre-motion letters in response to Relator's intended Amended Complaint. Accordingly, Relator's proposed briefing schedule is unnecessary.

Alternatively, should the Court direct Defendants to file motions to dismiss the Amended Complaint without filing pre-motion letters, Defendants respectfully request they be afforded 60 days to file a joint motion to dismiss. A consolidated brief will conserve resources for both the Court and parties and promote efficiency by preventing the Court and parties from needing to review duplicative briefs. Defendants request 60 days after the filing of the Amended Complaint to ensure they have sufficient time to coordinate amongst themselves and their clients.[1]

***Second,*** Defendants also oppose Relator's request for a Rule 16 conference and to begin discovery. Courts have discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). Courts consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *U.S. ex rel. Ameti v. Sikorsky Aircraft Corp.*, 2016 WL 10490528, at *1 (D. Conn. Nov. 28, 2016).

Defendants in their letters have presented strong grounds for dismissal of the Complaint under both the public disclosure bar and Rules 9(b) and 12(b)(6). *See id.* (noting a showing that plaintiff's claims lack merit is the most important factor); *see also* ECF Nos. 40, 42, 43. Given that Relator has no firsthand or insider information concerning any Defendant, the Amended Complaint will not cure those deficiencies. Relator has not identified the discovery it seeks, but discovery at this stage is likely to unnecessarily burden Defendants by requiring them to "expend significant resources on a complaint that might ultimately fail as a matter of law," and there is no risk of any prejudice (let alone unfair prejudice) in delaying discovery pending the outcome of Defendants' motions to dismiss. *Ameti*, 2016 WL 10490528, at *2.

Further, staying discovery pending Defendants' motions to dismiss is consistent with the FCA and Rule 9's rigorous pleading standards. *See U.S. ex rel. Springfield Term. Ry. Co. v. Quinn*, 14 F.3d 645, 649 (D.C. Cir. 1994) (FCA meant to "discourage[] . . . opportunistic plaintiffs who have no significant information to contribute of their own" to file suit); *United States v. Med-Care Diabetic & Med. Supplies, Inc.*, 2014 WL 12284078, at *1-2 (S.D. Fla. June 17, 2014) (staying discovery given relator's lack of personal knowledge of alleged fraud because an "FCA defendant faces exceptional harm," including "unwarranted discovery and unjustified tarnishing of the defendant's reputation" when "relator is permitted to litigate without adequately establishing in the pleadings that the relator has personal knowledge

[1] Defendants proposed to Relator a 60-day timeline to file motions to dismiss prior to Relator filing its letter. Rather than suggest a different timeframe or advise the Court of the Defendants' proposal on a briefing schedule, Relator unilaterally proposed a 21-day deadline for Defendants to file their motions to dismiss.

of specific, non-publicly disclosed false claims"); *U.S. ex rel. Modglin v. DJO Glob., Inc.*, 2014 WL 12564275, at *2 (C.D. Cal. Feb. 20, 2014) ("insiders privy to a fraud on the government should have adequate knowledge of the wrongdoing"; staying discovery pending a motion to dismiss will help "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis").

For all of these reasons, Defendants respectfully request that the Court stay discovery pending the resolution of the motion to dismiss.

Respectfully submitted,

*John J. Pease III*

**MORGAN, LEWIS & BOCKIUS LLP**
John J. Pease III
2222 Market Street
Philadelphia, PA 19103
(215) 963-5000
john.pease@morganlewis.com
*Counsel to New State Capital Partners, LLC*

*With permission:*

**FOX ROTHSCHILD LLP**
Matthew D. Lee
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA 19103
(215) 299-2000
mlee@foxrothschild.com
*Counsel to NWN Corp.*

**PROSKAUER ROSE LLP**
Hadassa Waxman
Eleven Times Square
New York, NY 10036
(212) 969-3040
hwaxman@proskauer.com
*Counsel to United Medical Systems DE Inc.*